# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Demetrius Alexander Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:21-cv-0670-TMC |
| v. ) | |
| ) | **ORDER** |
| Major Chanae Lumpkin, Captain ) | |
| Blanding, Staff Sgt. Richardson, and ) | |
| Miss White, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Demetrius Alexander Brown, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 alleging various constitutional claims. (ECF No. 10). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. This matter is now before the court on Defendant Miss White's ("White") motion to dismiss. (ECF No. 43).[1] The magistrate judge issued a Report and Recommendation ("Report"), (ECF No. 54), and both Plaintiff and White filed objections to the Report, (ECF Nos. 56; 58). The motion is ripe for review.

## I. Summary

The Report fully sets forth Plaintiff's allegations against White in detail (ECF No. 54 at 3–4), and the parties did not file objections with respect to that portion of the Report. Accordingly,

---

[1] Plaintiff filed a response in opposition to the motion to dismiss, (ECF No. 46), and Defendant White filed a reply, (ECF No. 47). Plaintiff subsequently filed a sur-reply, (ECF No. 51), which the magistrate judge refused to consider, noting that neither the Federal Rules of Civil Procedure nor the local rules allow for the submission of sur-replies and that this court does not permit them absent good cause and leave of court. (ECF No. 54 at 2 n.2 (citing *Brown v. Dennis*, No. 4:19-cv-2790-TMC, 2021 WL 805664, at *3 (D.S.C. Mar. 3, 2021)).

the court incorporates the magistrate judge's recitation of facts and recounts them only briefly herein. According to the amended complaint, White is an employee of Trinity Food Services ("Trinity"), the private food services vendor for Sumter-Lee Regional Detention Center ("SLRDC") where Plaintiff is housed. (ECF No. 10 at 7). White, who serves as Trinity's facility manager for SLRDC, allegedly would not honor Plaintiff's request to observe the ten-day Islamic fast during Hajj "by denying [him] the two holiday meals for religious feast days." *Id*. Plaintiff also alleges White denied him a religious holiday meal for Eid Fitr and instead merely served him an extra piece of meat that was to count as his holiday meal. *Id*. at 16. Plaintiff claims that, by contrast, other inmates receive "special" holiday meals rather than simply extra portions of whatever is on the daily menu. *Id*. Plaintiff asserts, based on these alleged actions, that White abridged his rights under the First and Fourteenth Amendments and the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id.* at 19.

In the Report, the magistrate judge noted that "Plaintiff has only requested monetary damages against Defendant White" but that "[a] prisoner bringing a cause of action under RLUIPA is not entitled to money damages against state defendants in either their individual or official capacities." (ECF No. 54 at 5). The magistrate judge, therefore, recommended that "Defendant White's motion to dismiss be granted due to solely pursuing monetary damages under RLUIPA." *Id*. at 5–6.

With respect to Plaintiff's First Amendment claim, the magistrate judge found that the allegations in the amended complaint establish Defendant White substantially burdened Plaintiff's right to the free exercise of his religious faith by not providing him a special holiday meal "as provided for other inmates for holidays such as Christmas, Thanksgiving, Easter, etc," *id*. at 6, and by "refus[ing] to allow him to participate in the ten-day fast by failing to provide his trays before

sun-up and after sundown," *id*. at 7. The magistrate judge further stated that "Plaintiff makes sufficient factual allegations [to state] a claim under § 1983 for . . . a violation under the Fourteenth Amendment, and an equal protection claim." *Id*. at 8. Therefore, the magistrate judge recommended the motion to dismiss be denied as to Plaintiff's constitutional claims against Defendant White. *Id*.

## II. Standards of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla.*, 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan*

3

*v. Brothers Prop. Corp.*, 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

A motion to dismiss filed pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a complaint or pleading. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of Civil Procedure] . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted)." *Id*. Rule 8(a)(2) requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). This pleading standard requires that a complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp v. Twombly*, 550 U.S. 544, 555 (2007).

In *Ashcroft v. Iqbal*, the United States Supreme Court stated that to survive a 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when [a party] pleads factual content that allows the court to draw the reasonable inference that the [opposing party] is liable for the misconduct alleged." *Id*. The plausibility standard "asks for more than a sheer possibility that a [party] has acted unlawfully." *Id*. Rather, "[i]t requires [a party] to articulate facts, when accepted as true, that 'show' that [the party] has stated a claim entitling [them] to relief[.]" *Francis*, 588 F.3d at 193 (quoting *Twombly*, 550 U.S. at 557). Such "factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will . . . be a context-specific task that requires the reviewing court to draw on its judicial

4

experience and common sense." *Iqbal*, 556 U.S. at 679.  However, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'"—"'that the pleader is entitled to relief.'"  *Id*. (quoting Fed. R. Civ. P. 8(a)(2)).

### III. Discussion

A.  Plaintiff's Objection

Plaintiff does not specifically object to the magistrate judge's analysis of the RLUIPA claim or the recommendation that his RLUIPA be dismissed.  Instead, Plaintiff objects to the magistrate judge's decision not to consider his sur-reply filed in opposition to the motion to dismiss.  (ECF No. 56 at 1–2).  The objection is unrelated to the magistrate judge's basis for recommending dismissal of Plaintiff's RLUIPA claim, and the court, therefore, rejects it.  Additionally, even if the court were to consider Plaintiff's sur-reply (ECF No. 51), it contains nothing challenging the basis for the magistrate judge's recommendation that the RLUIPA claim be dismissed.

B. Defendant White's Objections.

Defendant White contends that the Report did not properly apply the plausibility standard set forth in *Twombly*, 550 U.S. at 547, and, therefore, erroneously concluded that Plaintiff's bare, sparse factual allegations were sufficient to state a viable First Amendment claim in the face of a Rule 12(b)(6) motion.  (ECF No. 58 at 3–6).  A complaint "does not need detailed factual allegations . . . [but] requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. *Twombly* requires that a complaint's factual allegations must be "enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true." *Id*.

5

The United States Supreme Court has held that prisoners retain their First Amendment rights, including the right to free exercise of religion. *See O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). This includes the "right to a diet consistent with [the inmate's] . . . religious scruples." *Ford v. McGinnis*, 352 F.3d 582, 597 (2d Cir. 2003). A prison official violates this right if he intentionally, and without adequate justification, denies an inmate a diet that is religiously mandated. *Lovelace v. Lee*, 472 F.3d 124, 199 (4th Cir. 2006).[2] To adequately plead a free exercise claim, a prisoner must allege that "(1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion." *Wilcox v. Brown*, 877 F.3d 161, 168 (4th Cir. 2017). "[A] 'substantial burden' is one that 'put[s] substantial pressure on an adherent to modify his behavior and to violate his beliefs,' . . . or one that forces a person to 'choose between following the precepts of [his] religion and forfeiting [governmental] benefits, on the one hand, and abandoning one of the precepts of [his] religion . . . on the other hand.'" *Lovelace*, 472 F.3d at 187 (internal citations omitted). "[R]estrictions that are reasonably related to the achievement of a legitimate penological objective are permissible even if the policy substantially burdens a prisoner's religious practice." *Gardner v. Janson*, No. 5:19-cv-2616-CMC, 2021 WL 4472800, at *7 (D.S.C. Sept. 30, 2021). "At the pleading stage, a prisoner's allegation that his religious beliefs require a particular practice, participation or ritual that prison officials have not allowed is sufficient to plead the substantial burden element of a First Amendment free exercise claim." *Boyd v. Hill*, No. 7:21-cv-00170, 2021 WL 5029221, at *2 (W.D. Va. Oct. 29, 2021).

---

[2] "There is no question that . . . a private corporation to which the [ ] County Jail has delegated its constitutional responsibility to provide adequate nutrition that complies with prisoners' religious requirements—is a state actor, and the overwhelming majority of federal courts have so found." *Woodstock v. Shaffer*, 169 F. Supp. 3d 1169, 1170-71 (D. Colo. 2016).

6

With respect to Plaintiff's claim that White denied him a "special meal" in observance of Eid Fitr, the court agrees with Defendant that the minimal allegations are insufficient to state a First Amendment claim, leaving the court to speculate regarding how Defendant White's alleged conduct could have substantially burdened Plaintiff's religious exercise. Plaintiff does not allege what such a meal should have included and merely states that the apparent accommodation granted by Defendant White—an extra portion—did not, in his opinion, constitute a "special meal." However, to the extent Plaintiff's claim is based on Defendant White's alleged intentional refusal to provide him meals before sunrise and after sunset during the 10-day Hajjah fast, the court is constrained to conclude, viewing the amended complaint liberally in light of Plaintiff's *pro se* status, that Plaintiff's First Amendment claim survives at the motion to *dismiss* stage. Defendant White, of course, remains free to fully explore this basis of this bare bones claim during discovery and file any motions she deems appropriate.

As to Plaintiff's equal protection claim, Plaintiff must demonstrate that he was treated differently from similarly situated prisoners, that the differential treatment was based on religion, and that the difference in treatment was not reasonably related to legitimate penological interests. *Fogle v. Pierson*, 435 F.3d 1252, 1261 (10th Cir. 2006) (internal quotation marks omitted). Plaintiff's *pro se* complaint—liberally construed—asserts that non-Muslim prisoners received special religious holiday meals consisting of items not on the normal daily menu while he did not. At this juncture, the court will permit the claim to proceed; however, as previously stated, Defendant White will have the opportunity to closely examine during discovery the basis for this claim and/or the existence of any relevant penological interests.[3]

---

[3] To the extent Defendant White's objections seek dismissal of any punitive damages claim, (ECF No. 58 at 6), the court declines to do so at this juncture; however, like the other claims that survive dismissal, the issue of punitive damages may be re-visited at a later stage in the proceedings.

## IV. Conclusion

Having thoroughly reviewed the record and the Report, the court finds no reason to depart from the Report's recommendation. Accordingly, for the reasons set forth above, the court adopts the recommendations of the Report (ECF No. 54) and overrules the objections of the parties. The court, therefore, **GRANTS IN PART and DENIES IN PART.** (ECF No. 43). Plaintiff's RLUIPA is **DISMISSED**. Defendant White is afforded **twenty (20) days** from the date of this order to file an answer to the second amended complaint.[4]

The Clerk of Court is directed to provide a copy of this order to Plaintiff at the most recent address provided to the court. The court notes that on February 25, 2022, Plaintiff filed a notice of change of address. (ECF No 76).

The matter is returned to the magistrate judge for the continued management of pretrial proceedings.

**IT IS SO ORDERED**.

s/Timothy M. Cain
United States District Judge

March 2, 2022
Anderson, South Carolina

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[4] Plaintiff also objects (ECF No. 56 at 2–3) to the magistrate judge's recommendation that Defendant White be afforded twenty days to file an answer either because (1) Defendant White was given an extension of time to answer or otherwise plead or (2) Defendant White had already responded to the amended complaint by filing a motion to dismiss and, therefore, should not be allowed to file an "additional answer." (ECF No. 56 at 2–3). This objection is overruled. Defendant White filed the motion in accordance with the applicable rules and has not waived the right to file a responsive pleading. And, in any event, this objection has no relation to the underlying basis of the Report's recommendations regarding Plaintiff's claims and deals with solely procedural matters. *See* Fed. R. Civ. P. 12(a)(4).