IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
(FLORENCE DIVISION)

| | |
|---|---|
| DEMETRIUS ALEXANDER BROWN #51104,<br><br>Plaintiff,<br><br>vs.<br><br>MAJ. CHANAE LUMPKIN, CAPT. BLANDING, STAFF SGT. RICHARDSON, and MISS WHITE,<br><br>Defendants. | Case No. 4:21-cv-00670-TMC-TER<br><br><br>**MISS WHITE'S MEMORANDUM IN SUPPORT OF HER MOTION FOR SUMMARY JUDGMENT** |

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, Defendant De'Tremis White (named in Plaintiff's Complaint as "Miss White," hereinafter "Defendant White") by and through counsel, and hereby moves the Court for an Order entering summary judgment in her favor on all remaining claims against her—Plaintiff's § 1983 claims under the First and Fourteenth Amendments and the concomitant punitive damages claim, and dismissing Plaintiff's Amended Complaint with prejudice. Defendant White shows the Court the following:

**INTRODUCTION**

Plaintiff Demetrius Alexander Brown ("Plaintiff") is a pretrial detainee, previously at Sumter-Lee Regional Detention Center in Sumter, SC, and currently at Turbeville Correctional Institution in Turbeville, SC. Plaintiff, proceeding *pro se*, alleges that Defendant White, an employee of Trinity Food Services, "violated [his] First Amendment right to freedom of religion, any right to Freedom of religion under the RLUIPA, and [his] Fourteenth Amendment right… by intentionally and purposely denying [him] the ten day fast for Hajj which is required of [his] faith belief of Islam, by denying [him] the two holiday meals for [his] religious feast days." (See, ECF

No. 10, p. 7.) Defendant White moved to dismiss the Amended Complaint, and the Court granted the motion in part and denied the motion in part, dismissing the RLUIPA claim against her, and encouraged Defendant White to explore the bases for the remaining claims through discovery. Defendant White served interrogatories, requests for production, and requests for admissions on Plaintiff, and these responses are relied on in part in supporting Defendant White's Motion for Summary Judgment. Defendant White also submits a declaration pursuant to 28 U.S.C. § 1746 in support of her Motion for Summary Judgment.

## PERTINENT FACTUAL ALLEGATIONS

Plaintiff, an adherent to Islam, alleges that Defendant White is the food services manager at the SLRDC and is the employee of an independent contractor at the prison. *See,* ECF No. 10, p. 7, II(D) at ¶ 4; Ex. A, Plaintiff's Responses to Defendant White's First Set of Interrogatories, # 16; Ex. B, Declaration of De'Tremis White, ¶ 2.

Plaintiff alleges that, "[i]n Islam the man of his family are all 'Imans' of his household." ECF No. 10, p. 12. Plaintiff made a request to Lt. Shirah that he be "provided with a holiday meal just as other similar situated I/M's of the facility are provided with a holiday meal for Thanksgiving, Christmas, New Year, and Easter…" in observance of Eid Fitr. Id., p. 15 at ¶ 4. Plaintiff states that "Food service (Miss White) denied me the right to fast the last days of Hajj." *See* Ex. A, # 2(a).

On "the last day of the month of Hajj," Eid Ahda, "which was on Aug. 19, 2020," Plaintiff requested a holiday meal from prison staff, who he believed would pass on the particulars of his request—whatever they were—to "food services." *See,* ECF No. 10, pp. 15-16 at ¶ 4; Ex. A, # 12-13.

While generally remembering Plaintiff, Defendant White "do[es] not recall having had any conversations with him about what his religious belief required of him…" Ex. B at ¶ 2.  Prison staff would communicate requests to Defendant White.  Id. at ¶ 4; *see also* Ex. A, # 13.  Defendant White does not recall receiving requests for specific dates for fasting holidays or, for feast holidays, what type of food he required.  Ex. B at ¶¶ 4-6.  On fasting holidays, trays were prepared and delivered before sunrise and after sunset by prion personnel who were responsible for delivering the meal trays prepared by the kitchen staff supervised by Defendant White.  Id. at ¶ 5.

On feast days, it was Defendant White's understanding that Plaintiff required extra food on those days, and was never told—and still was not told—what specific food items Plaintiff's faith required for feast holidays.  Id. at ¶¶ 6-7.  Plaintiff expected "food service" to have "googled research for my holiday meals."  *See* Ex. A, # 11.

**APPLICABLE LAW**

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is warranted when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c); *see also*, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202 (1986).  Once the moving party has made a properly supported motion for summary judgment, the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue for trial.  *Sylvia Dev. Corp. v. Calvert County, Md.,* 48 F.3d 810 (4th Cir. 1995).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact."  *Anderson*, 477 U.S. at 247-48.   While courts must view the

facts and inferences in a light most favorable to the non-moving party, the non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment. *Baber v. Hosp. Corp. of Am.*, 977 F.2d 872, 874-75 (4th Cir. 1992). Rather, the non-moving party is required to submit evidence of specific facts by way of affidavits, depositions, interrogatories, or admissions to demonstrate the existence of a genuine and material issue for trial. *Celotex Corp v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "[T]here is no issue for trial unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson*, 477 U.S. at 249.

## ARGUMENT

**I.   Plaintiff has failed to provide any evidence that Defendant White is liable under § 1983.**

**a.   Plaintiff provides no evidence that Defendant White acted with "conscious or intentional interference" with Plaintiff's free exercise rights.**

Plaintiff's § 1983 claims against Defendant White under the Free Exercise Clause and Equal Protection Clause cannot survive summary judgment because Plaintiff has not forecasted evidence of "***conscious or intentional interference*** with his free exercise rights [*i.e.*, under the First and Fourteenth Amendments]." *Lovelace v. Lee*, 472 F.3d 174, 201 (4th Cir. 2006) (emphasis added); *see also*, *Walker v. Morse*, 2019 WL 6120459 at *5 (D.S.C. 2019); *Scott v. McCall*, 2015 WL 3649773 at *2 (D.S.C. 2015) ("Plaintiff must show that jail officials ***intentionally*** placed a substantial burden on a plaintiff's ability to practice his religion in order to support a cause of action under Section 1983) (emphasis added). Even if Plaintiff were able to show negligence as to Defendant White, which he has not, that is not sufficient to show a violation of the Free Exercise Clause. *Lovelace*, 472 F.3d at 201; *see also*, *Jamison v. Bamberg*, 2012 WL 7656426 at *6 (D.S.C. 2012) ("Even if the [food service] defendants initially erred… by providing him with "bacon grits"

and an incorrect type of bread, such error at most constitutes negligence, which does not give rise to the level of a constitutional claim).

> **b.     Plaintiff cannot attribute the actions of "food services" to Defendant White in her individual capacity and liability under respondeat superior is unavailable under § 1983.**

Not only does Plaintiff fail to forecast evidence of "conscious or intentional interference with his free exercise rights," but he likewise essentially pursues an unsupported theory of supervisory liability as to Defendant White.  Plaintiff, at bottom, has not forecasted evidence what specific instructions he gave to the prison staff (who are not defendants to this action), nor what they in turn told Defendant White or, as Plaintiff puts it "food services."  While Defendant White does generally recall making accommodations for Plaintiff, her role was to supervise the kitchen. If there was a breakdown, for example, in tray delivery on fasting days, that was not Defendant White's responsibility.

Defendant White did not have any direct communications with Plaintiff regarding his religious meal requirements.  Ex. B at ¶ 3.  Rather, requests came through prison staff members. *Id.* at ¶ 4.  In his responses to Defendant White's First Set of Interrogatories, Plaintiff confirms this and states that he spoke with two lieutenants "regarding these issues and rituals and they related them to food service per chain of command policy."  Ex. A, # 13.

For fasting holidays, "the kitchen would have a breakfast tray delivered to the guards for heating and delivery to Mr. Brown before sunrise and a lunch and dinner tray delivered after sundown to allow Mr. Brown to adhere to his religious requirements."  Ex. B at ¶ 5.

Defendant White was thus not responsible for either communicating directly with Plaintiff about his needs on the front-end nor was she was responsible for delivery thereof on the back-

end.[1]

For feast holidays, Ms. White's understanding was simply that he required extra food on that those feast days. Ex. B at ¶ 6. She was never told "that there were specific food items that Mr. Brown required to adhere to his faith on fasting holidays." *Id*.

In Plaintiff's Responses to Defendant White's First Set of Interrogatories, Ex. A, at # 2, he wrote in part: "***Food Service*** (Miss White) denied me the right to fast the last days of Hajj… [and] ***neglected*** to prepare special meals for my to (sic) Islamic Holidays." (emphasis added.) This response makes clear that Plaintiff is attributing the acts of the food services section of the prison to Miss White individually *and* that Plaintiff, at least as to the feast holiday issue, is alleging a neglect rather than conscious disregard for his Free Exercise rights.

In response to an interrogatory asking him to "[p]lease describe with specificity the reason why the meals provided to you in observance of the religious holidays… placed a substantial burden on your religious beliefs," Plaintiff reveals he never told anyone in food services, let alone Defendant White, what foods he required for feast holidays:

> "Food service were informed of both my holiday feasts (sic) days in advance and just like they prepared holiday meals for Thanksgiving, Christmas, New Years, and Easter consisting of foods customarily served on these days ***they could have googled research*** for my holidays meals and discovered what customary foods/meats are required at… feast days…"

Ex. A, # 11. (Emphasis added.)

In other words, Plaintiff never told anyone what food he required—believing "food services" should be required to engage in internet research to determine what his religious needs were for feast days. This response shares the same defect as the response to Interrogatories # 2

---

[1] Plaintiff's responses to interrogatories also cast doubt that he even specified the dates in which he required fasting on Hajj—indicating in response to Interrogatory # 14 that "food services" generally "could have googled it…".

and # 13 *supra*, in that it generally attributes the acts or omissions of "food services" to Defendant White.

Indeed, Plaintiff confirms that the basis for his claim against Defendant White is that of supervisory liability. In response to an interrogatory asking him to "[p]lease identify any basis for your alleged knowledge that Miss White was responsible for the alleged failure to serve your meals… on certain days in conformance with your religious beliefs," Plaintiff responded: "Miss White was the food service supervisor all instruction and dictates regarding food being served comes through her personally period." Ex. A, # 16. In other words, Plaintiff has no personal knowledge what Defendant White was told about his requests and is relying on what might be liberally described as a supervisory theory of liability as to Defendant White.

Defendant White is, in-fact, the manager of the kitchen at Sumter-Lee Regional Detention Center. However, *even if* someone reporting to her in the kitchen were responsible for Plaintiff's alleged constitutional deprivation—*i.e.*, someone in "food service"—an individual supervisor cannot be held liable under § 1983 for a subordinate's allegedly unconstitutional conduct. *See Carter v. Morris*, 164 F.3d 215, 220-21 (4th Cir. 1999). There is no doctrine of *respondeat superior* in § 1983 claims. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037, 56 L.Ed.2d 611 (1978).

As discussed above, Defendant White is entitled to summary judgment on Plaintiff's § 1983 claims against her because: (i) there is no forecast of evidence that she acted with "conscious or intentional interference" with Plaintiff's free exercise rights; and (ii) Plaintiff seeks to attribute the actions of "food services" to Defendant White in her individual capacity, and liability under *respondeat superior* is unavailable under § 1983.

**II.  Defendant White is entitled to summary judgment on the punitive damages claim brought by Plaintiff.**

In § 1983 claims, punitive damages are only awarded when the individual defendant's "conduct is shown to be motivated by evil motive or intent, or when it involves reckless or callous indifference to the federally protected rights of others." *Smith v. Wade*, 461 U.S. 30, 56, 103 S.Ct. 1625, 1640, 75 L. Ed. 2d 632 (1983).  Nothing discussed above in the forecast of evidence constitutes a "reckless or callous indifference" to Plaintiff's constitutional rights by Defendant White.  Accordingly, Defendant White is entitled to summary judgment on the punitive damages claim.

## CONCLUSION

Wherefore Defendant De'Tremis White respectfully requests that this Court enter an Order entering summary judgment on her behalf as to all remaining claims against her and dismissing Plaintiff's Amended Complaint with prejudice; and such other and further Orders that this Court deems meet and just in the circumstances.

    Respectfully submitted.

PARKER POE ADAMS & BERNSTEIN LLP

s/ Alexandra B. Breazeale
Alexandra B. Breazeale (Fed. ID No. 13378)
200 Meeting Street, Suite 301
Charleston, SC 29401
Phone: (843) 727-6320
Fax: (843) 727-2680
Email: alexbreazeale@parkerpoe.com

                                Daniel E. Peterson (NC Bar No. 41251)
                                (*admitted Pro Hac Vice*)
                                PARKER POE ADAMS & BERNSTEIN LLP
                                Bank of America Tower
                                620 South Tryon Street, Suite 800
                                Charlotte, NC 28202
                                Telephone: 704-372-9000
                                Email: danielpeterson@parkerpoe.com

                                *Attorneys for Defendant De'Tremis White*

July 11, 2022
Charleston, South Carolina

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| DEMETRIUS ALEXANDER BROWN,<br><br>Plaintiff,<br><br>vs.<br><br>MAJ. CHANAE LUMPKIN, CAPT. BLANDING, STAFF SGT. RICHARDSON, and MISS WHITE,<br><br>Defendants. | Case No. 4:21-cv-00670-TMC-TER<br><br><br><br>**CERTIFICATE OF SERVICE** |

The undersigned hereby certifies that the foregoing *"Miss White's Memorandum in Support of Her Motion for Summary Judgment"* was electronically filed with the Clerk of Court using the CM/ECF system and served upon the *pro se* Plaintiff via First Class Mail by placing same in a postage prepaid envelope and depositing the envelope in an official depository under the exclusive care and custody of the United States Postal Service, addressed as follows:

Demetrius Alexander Brown
#378276
Turbeville Correctional Institution
1578 Clarence Coker Highway
Turbeville, SC  29162

s/ Alexandra B. Breazeale
Alexandra B. Breazeale (Fed. ID No. 13378)
Parker Poe Adams & Bernstein LLP
200 Meeting Street, Suite 301
Charleston, SC 29401
Phone: (843) 727-6320
Fax: (843) 727-2680
Email: alexbreazeale@parkerpoe.com

                              Daniel E. Peterson (NC Bar No. 41251)
                              (*admitted Pro Hac Vice*)
                              PARKER POE ADAMS & BERNSTEIN LLP
                              Bank of America Tower
                              620 South Tryon Street, Suite 800
                              Charlotte, NC 28202
                              Telephone: 704-372-9000
                              Email: danielpeterson@parkerpoe.com

                              *Attorneys for Defendant De'Tremis White*

July 11, 2022
Charleston, South Carolina