# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Demetrius Alexander Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:21-cv-0670-TMC |
| v. ) | |
| ) | **ORDER** |
| Major Chanae Lumpkin, Captain ) | |
| Blanding, Staff Sgt. Richardson, and ) | |
| Miss White, ) | |
| ) | |
| Defendants. ) | |
| ) | |

Plaintiff Demetrius Alexander Brown, a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 alleging various constitutional claims. (ECF No. 10). The claims in this action stem from Plaintiff's detention at the Sumter-Lee Regional Detention Center ("SLRDC"); however, Plaintiff is no longer detained at SLRDC, having been transferred to Turbeville Correctional Facility, (ECF No. 102). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings. Now before the court is a motion for summary judgment filed by Defendants Major Chanae Lumpkin ("Maj. Lumpkin"), Captain Blanding ("Cpt. Blanding"), and Staff Sgt. Richardson ("Sgt. Richardson") (collectively, "Movant Defendants"). (ECF No. 65). The magistrate judge issued a Report and Recommendation ("Report") recommending the court grant the motion, (ECF No. 85), Plaintiff filed objections to the Report, (ECF No. 90), and Movant Defendants submitted a reply, (ECF No. 94).

## I. Summary

The Report fully sets forth Plaintiff's allegations against the Movant Defendants (ECF No. 85 at 4–6), and Plaintiff did not file objections with respect to that portion of the Report. Therefore, the court incorporates the magistrate judge's recitation of the facts and recounts them only briefly herein. According to the amended complaint, while Plaintiff was a pretrial detainee at SLRDC, Maj. Lumpkin, citing SLRDC policy, refused to let Plaintiff wear his kufi while Plaintiff was in solitary confinement. (ECF No. 10 at 11). Plaintiff later conceded that this policy was changed in October 2021 so that inmates would be permitted to wear religious headwear in their cells and cubes and that Plaintiff was notified of this change in November 2021. (ECF No. 68 at 3). Plaintiff also alleges that Maj. Lumpkin refused him access to certain books authored by African American writers, citing illicit sexual, violent, and drug-related content. (ECF No. 10 at 14). Plaintiff believes, however, that books authored by white writers were permitted even though those works contained similar content. *Id*.[1] With respect to Cpt. Blanding and Sgt. Richardson, Plaintiff alleges that they reclassified him as a maximum-security inmate as a form of punishment. *Id*. at 9–10. Plaintiff asserts that the Movant Defendants' alleged actions caused him to suffer anxiety, mental distress, and depression for which he has been medicated. *Id*. at 19.

Plaintiff asserts a claim under § 1983, contending that Defendants' alleged actions violated his First, Eighth, and Fourteenth Amendments. Plaintiff also claims that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §§ 2000cc to 2000cc–5. (ECF No. 10 at 5). The magistrate judge concluded that Plaintiff's First Amendment claim against Maj. Lumpkin relating to his kufi was barred by the doctrine of

---

[1] The court notes that Maj. Lumpkin submitted an affidavit attesting as follows: "I have never disallowed a book based on the race of the author, as I am an African American as well and would be offended if someone disallowed a book because the author was African American." (ECF No. 65-4 at 5).

collateral estoppel in light of the undersigned's grant of summary judgment to Maj. Lumpkin on identical claims arising from the same nucleus of fact in a previous action. (ECF No. 85 at 10).[2] As to Plaintiff's RLUIPA claim, the magistrate judge determined that Maj. Lumpkin is entitled to summary judgment because Plaintiff seeks only money damages which are not recoverable under RLUIPA, and that any request for injunctive relief would be moot as Plaintiff is no longer housed at SLRDC. *Id*. at 12. With respect to Plaintiff's claim that Maj. Lumpkin violated his constitutional rights by denying him access to certain books, the magistrate judge found that Plaintiff failed to proffer sufficient evidence that Maj. Lumpkin had any personal involvement in the alleged denial of access to books and recommended the court grant summary judgment on this basis. *Id.* at 18. Specifically, the magistrate judge highlighted the undisputed evidence that Maj. Lumpkin did not establish policy regarding appropriate literature and was not tasked with or involved in handling mail or receiving materials sent to inmates or in deciding which books to allow. *Id*. at 13–14.

As for Plaintiff's due process claim against Defendants Blanding and Richardson regarding his classification, the magistrate judge determined that Plaintiff failed to present any evidence regarding Cpt. Blanding's personal involvement in determining the status or classification of inmates. *Id*. at 18. With respect to Sgt. Richardson, the classification officer, the magistrate judge noted that she was not involved in Plaintiff's initial classification into a less restrictive open pod (E-Pod) or his subsequent move into a closed maximum security pod (B-Pod) for fighting with another inmate, but that Sgt. Richardson reviewed his classification periodically. (ECF Nos. 85 at

---

[2] *See Brown v. Dennis et al*., 4:19-cv-2790-TMC, 2021 WL 805664, at *7 (D.S.C. Mar. 3, 2021). Specifically, this court applied *Turner v. Safley*, 482 U.S. 78 (1987), and concluded that Plaintiff failed to make a threshold showing that Maj. Lumpkin's application of the policy regarding religious headwear substantially burdened his ability to practice his religion and that the policy, as a matter of law, is reasonably related to a legitimate penological objective. *Id*. Additionally, the court determined that Maj. Lumpkin was entitled to qualified immunity as to this claim. *Id*. at *8.

20–21; 65-3 at 3–4). The magistrate judge found that Sgt. Richardson approved Plaintiff's August 2020 transfer back to E-Pod but that, after Plaintiff was involved in another altercation—for which he was charged and convicted of assault—Sgt. Richardson approved of his reclassification and move to B-Pod. (ECF No. 85 at 21–24). The magistrate judge determined that while Plaintiff was housed in B-Pod, he was repeatedly assessed as a threat to staff and other inmates based on continued violent behavior. *Id*. at 22, 25. In addressing Plaintiff's claim that he was denied due process because he was not allowed to appeal his classification to B-Pod, the magistrate judge recognized that Plaintiff does not enjoy a constitutional right to a given custody level and then noted that, in any event, Plaintiff had essentially filed two appeals "in the form of grievances" which were reviewed but found to be improper. *Id*. at 24–25. Accordingly, the magistrate judge determined that Plaintiff failed to show the deprivation of a constitutional right with respect to his housing classification at SLRDC. *Id*. at 25. Alternatively, the magistrate judge concluded that, "even if there was a violation," Defendants would be entitled to qualified immunity as Plaintiff did not establish the violation of any clearly established constitutional right. *Id*. at 27.

## II. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)). The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1). However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been

made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla*., 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp*., 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### III. Discussion

In his objections, Plaintiff complains only about the portion of the Report addressing his claims against Sgt. Richardson relating to his unit classification at SLRDC (where Plaintiff is no longer housed). (ECF No. 90). Plaintiff recasts his previous complaints and arguments as objections to the Report. However, Plaintiff does not identify any error in the Report. Rather, he continues to take issue with the merits of Sgt. Richardson's classification decisions, continues to

suggest he has a constitutionally protected right to a given classification, and again argues that he was denied his right to seek review of his classification—an argument considered and rejected by the magistrate judge. (ECF Nos. 68 at 13; 85 at 24–25). Accordingly, the court overrules these objections.

### IV. Conclusion

Having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court adopts the magistrate judge's Report, (ECF No. 85), and incorporates it herein. Accordingly, Defendants' motion for summary judgment (ECF No. 65) is hereby **GRANTED**, thus terminating Maj. Lumpkin, Cpt. Blanding, and Sgt. Richardson as parties to this case.[3]

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>United States District Judge

Anderson, South Carolina
August 10, 2022

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.

---

[3] The Report also recommended that, in the event "Plaintiff's complaint somehow can be conceived to state an additional claim for relief under any state common law theory," the court should decline to exercise jurisdiction under 28 U.S.C. § 1367(c). (ECF No. 85 at 27–28). Even a liberal construction of Plaintiff's amended complaint, however, does not permit the court to construe Plaintiff's action as asserting state law claims. *See* (ECF No. 10 at 5). Accordingly, the court need not address this particular portion of the Report.