# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# FLORENCE DIVISION

| | |
|---|---|
| Demetrius Alexander Brown, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 4:21-cv-0670-TMC |
| v. ) | |
| ) | **ORDER** |
| Miss White, ) | |
| ) | |
| Defendant. ) | |
| ) | |

Plaintiff Demetrius Alexander Brown ("Plaintiff"), a pretrial detainee proceeding *pro se* and *in forma pauperis*, brought this civil action pursuant to 42 U.S.C. § 1983 alleging various constitutional claims. (ECF No. 10). The claims in this action stem from Plaintiff's detention at the Sumter-Lee Regional Detention Center ("SLRDC"); however, Plaintiff is no longer detained at SLRDC, having been transferred to Turbeville Correctional Facility, (ECF No. 102). In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(e) (D.S.C.), this matter was referred to a magistrate judge for all pretrial proceedings.

Now before the court are cross-motions for summary judgment filed by the sole remaining Defendant Miss White ("White")[1], (ECF No. 113), and Plaintiff (ECF No. 84). After these motions were fully briefed, the magistrate judge issued a Report and Recommendation (the "Report") recommending that the court grant White's motion for summary judgment and deny Plaintiff's motion for summary judgment. (ECF No. 129 at 13). Plaintiff filed objections to the Report, (ECF No. 131), and White filed a reply (ECF No. 133). These matters are now ripe for review.

---

[1] Earlier in this action, the court entered orders summarily dismissing Plaintiff's complaint as to Defendants Sheriff Anthony Dennis, Chief Gardner and Director Ray (ECF No. 35), and granting summary judgment to Defendants Major Chanae Lumpkin, Captain Blanding, and Staff Sergeant Richardson (ECF No. 118).

# I. Background

According to the amended complaint, White is an employee of Trinity Food Services ("Trinity"), the private food services vendor for SLRDC, where Plaintiff was housed when the incidents in question occurred. (ECF No. 10 at 7). Plaintiff contends that White, Trinity's facility manager for SLRDC, failed to honor Plaintiff's requests for religious accommodations with regard to certain meals. Plaintiff claims that he sent a request to Lt. Shirah asking that he be provided a holiday meal for Eid Fitr marking the end of Ramadan on May 23, 2020. *Id*. at 15. According to Plaintiff, Lt. Shirah told him that White said she would make sure Plaintiff was given a special meal for Eid Fitr. *Id*. Plaintiff alleges that when Eid Fitr arrived, however, White did not give him a "special" meal but instead merely served him an extra portion of meat. *Id*. at 16. White contends that, by contrast, non-Muslim inmates received special holiday meals on Thanksgiving, Christmas, New Year's Day and Easter. *Id*.

Plaintiff also alleges that he informed Lt. Shirah in July 2020 that he was obliged to observe a 10-day fast for Hajj beginning on August 2, 20202, because he was unable to make a pilgrimage to Mecca. *Id*. Plaintiff alleges that Lt. Shirah told him White said she would not honor the 10-day fast but agreed to provide Plaintiff a holiday meal for Eid Adha which marked the end of Hajj. *Id*. Plaintiff complains that White subsequently only provided him an extra tray of food rather than an actual holiday meal for Eid Ahda. Plaintiff asserts that non-Muslim SLRDC inmates, by contrast, receive "special" holiday meals rather than simply extra portions of items on the daily menu. *Id*. Plaintiff brought claims against White under the First and Fourteenth Amendments as well as the Religious Land Use and Institutionalized Persons Act ("RLUIPA"). *Id*. at 19.

White filed a motion to dismiss (ECF No. 43), which the court granted in part, dismissing Plaintiff's RLUIPA claim (ECF No. 77 at 8). The order denied White's motion to dismiss

2

Plaintiff's First Amendment claim to the extent it "is based on Defendant White's alleged intentional refusal to provide him meals before sunrise and after sunset during the 10-day Hajjah fast," concluding that the claim, liberally construed, "survives at the motion to dismiss stage" but noting that "Defendant White . . . remains free to fully explore this basis of this bare bones claim during discovery and file any motions she deems appropriate." *Id*. at 7. Likewise, the court found that Plaintiff's equal protection claim, construed liberally, "asserts that non-Muslim prisoners received special religious holiday meals consisting of items not on the normal daily menu while he did not" and, therefore, survived the motion to dismiss. *Id*.

Subsequently, the parties filed their cross-motions for summary judgment. In support of her motion, (ECF No.113), White submitted an affidavit indicating that she was responsible for managing the kitchen staff and developing menus at SLRDC "based on what food was provided to the kitchen." (ECF No. 113-3 at 2). White "generally recall[s] [Plaintiff]" but "do[es] not recall having any conversations with him about what his religious beliefs required of him with respect to fasting" or what "type of food his religious beliefs required him to consume on any feast holidays." *Id*. White conferred with prison staff about Plaintiff's requests relating to fasting and feast holidays but she "was never told by anyone that there were specific food items that [Plaintiff] required to adhere to his faith on fasting holidays." *Id*. at 3. Rather, White understood that Plaintiff simply required extra food on feast days. White indicates that "[f]or fasting holidays for all prisoners, the [SLRDC] kitchen . . . provide[s] trays to prison guards who . . . then deliver the meal." *Id*. For Plaintiff specifically, "the kitchen would have a breakfast tray delivered to the guards for heating and delivery to [Plaintiff] before sunrise and a lunch and dinner tray delivered after sundown to allow [Plaintiff] to adhere to his religious requirements." *Id*. By contrast, in support of his summary judgment motion, (ECF No. 84), Plaintiff simply referred to allegations set forth in his

3

amended complaint, arguing that he had sufficiently "stated a claim" and that a jury could conclude from the allegations in his amended complaint that White abridged his constitutional rights. (ECF No. 84-1 at 5, 9, 11, 16, 23, and 24).

## II. Report

On December 6, 2022, the magistrate judge issued the Report recommending that the court grant White's motion for summary judgment (ECF No. 113) and deny Plaintiff's motion for summary judgment. (ECF No. 84). As to Plaintiff's First Amendment claim, the magistrate judge correctly recognized that inmates retain their First Amendment right to free exercise of religion in prison, including the "'right to a diet consistent with [the inmate's] . . . religious scruples.'" (ECF No. 129 at 7–8 (quoting *Ford v. McGinnis*, 352 F.3d 582, 597 (2d Cir. 2003)); *see O'Lone v. Estate of Shabazz*, 482 U.S. 342, 348 (1987). "In order to state a claim for violation of rights secured by the Free Exercise Clause, an inmate, as a threshold matter, must demonstrate that: (1) he holds a sincere religious belief; and (2) a prison practice or policy places a substantial burden on his ability to practice his religion." *Greenhill v. Clarke*, 944 F.3d 243, 253 (4th Cir. 2019) (internal quotation marks omitted). The Report accurately explains that, "[a] prison official violates this right if he intentionally, and without adequate justification, denies an inmate a diet that is religiously mandated," *id*. at 8 (citing *Lovelace v. Lee*, 472 F.3d 174, 199 (4th Cir. 2006)), but notes restrictions "'that are reasonably related to the achievement of a legitimate penological objective are permissible even if the policy substantially burdens a prisoner's religious practice,'" *id*. (quoting *Gardner v. Janson*, No. 5:19-cv-2616-CMC, 2021 WL 4472800, at *7 (D.S.C. Sept. 30, 2021)). The magistrate then concluded that, "[r]egarding extra food not adhering to his religious requirement for feast days, Plaintiff fails to show [White] knew [merely serving extra food] did not satisfy his religious requirements" and, "[t]hus, Plaintiff fails to show any intentional action

4

on Defendant White's part and at most has shown or alleged negligence" that is not actionable as a First Amendment violation. *Id*. at 8. As for Plaintiff's claim that White denied his request for the ten-day fast, the magistrate judge concluded that Plaintiff failed to forecast admissible evidence to forecast competent evidence to create a genuine issue of material fact as to whether White intentionally denied his holiday feast. *Id*. at 9.[2]

> Regarding Plaintiff's Equal Protection claim, the Report provides as follows:
>
> . . . To establish an equal protection violation, a plaintiff "must first demonstrate that he has been treated differently from others with whom he is similarly situated and that the unequal treatment was the result of intentional or purposeful discrimination"; once this showing is made, "the court proceeds to determine whether the disparity in treatment can be justified under the requisite level of scrutiny." *Veney v. Wyche*, 293 F.3d 726, 730–31 (4th Cir. 2002) (quoting *Morrison v. Garraghty*, 239 F.3d 648, 654 (4th Cir. 2001)). . . . Individuals are similarly situated for Equal Protection purposes if they are "in all relevant respects alike." *Fauconier v. Clarke*, 966 F.3d 265, 277 (4th Cir. 2020) (quoting *Nordlinger v. Hahn*, 505 U.S. 1, 10 (1992)). For a plaintiff to demonstrate that she is "similarly situated," her evidence "must show an extremely high degree of similarity between [herself] and the persons to whom [she] compare[s]" herself. *Willis v. Town of Marshall, N. Carolina*, 275 F. App'x 227, 233 (4th Cir. 2008) (citing *Clubside, Inc. v. Valentin*, 468 F.3d 144, 159 (2d Cir. 2006)).
>
> . . . Defendant argues that Plaintiff fails to show White intentionally and consciously violated his equal protection rights because she had no direct communications with Plaintiff and she was never informed that providing "extra" food did not satisfy his religious requirements. In his response to White's motion, Plaintiff argues that others similarly situated were provided special meals on holidays and [White] could have contacted other facilities in South Carolina about what they were providing on Islamic feast days.
>
> Again, Plaintiff fails to forecast admissible evidence that White was informed of any particular request. He submits his statements of what Lt. Shirah said. Further he fails to show that White did not know that providing extra food for his feast days did not adhere to his request. Additionally, it is Plaintiff's burden to show he was treated differently from others similarly situated. Two of the four holidays he presents for comparative purposes [Thanksgiving and New Year's Day] are not based on religion. Additionally, he fails to show that the two religious holidays- Christmas and Easter -have a religious mandate for particular food.

---

[2] In her memorandum in support of summary judgment, White submitted discovery responses from Plaintiff indicating not that he ever explained his religious dietary requirements to White or anyone else but that food services "could have googled research for my holiday meals and discovered what customary foods/meats are required." (ECF No. 113-2 at 4).

5

> Therefore, Plaintiff has not shown conscious and intentional discrimination or that he was treated differently from others similarly situated . . . .

*Id*. at 11–12 (footnote omitted).  Plaintiff filed objections to the Report (ECF No. 131), which the court considers below along with White's reply to the objections (ECF No. 133).

### III. Standard of Review

The recommendations set forth in the Report have no presumptive weight, and this court remains responsible for making a final determination in this matter. *Wimmer v. Cook*, 774 F.2d 68, 72 (4th Cir. 1985) (quoting *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976)).  The court is charged with making a *de novo* determination of those portions of the Report to which a specific objection is made, and the court may accept, reject, modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).  However, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). "An objection is specific if it 'enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.'" *Id*. at 662 n.6 (quoting *United States v. One Parcel of Real Prop., With Bldgs., Appurtenances, Improvements, & Contents, Known As: 2121 E. 30th St., Tulsa, Okla*., 73 F.3d 1057, 1059 (10th Cir. 1996)). On the other hand, objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g., Howard v. Saul*, 408 F. Supp. 3d 721, 726 (D.S.C. 2019).  Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Greenspan v. Brothers Prop. Corp*., 103 F. Supp. 3d 734, 737 (D.S.C. 2015) (citing *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983)).

Additionally, since Plaintiff is proceeding *pro se*, this court is charged with construing his filings liberally in order to allow for the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This does not mean, however, that the court can ignore the Plaintiff's failure to allege or prove facts that establish a claim currently cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990).

### IV. Discussion

In his objections (ECF No. 131), Plaintiff largely reiterates his allegations and offers authority in support of general legal principles that are not disputed by White and/or are not at issue in the Report. In light of Plaintiff's *pro se* status, however, the court will address a few potentially specific objections to the Report that can be gleaned from Plaintiff's fourteen pages of objections. First, Plaintiff challenges the magistrate judge's conclusion (ECF No. 129 at 8) that he failed to offer competent or admissible evidence showing that White acted with intent to prevent him from observing his religious holiday meals and fasts in violation of the First Amendment (ECF No. 131 at 1–7). Plaintiff argues he created genuine issues of fact through "factual statements, Quranic proof, and policies and regulations" that apply to SLRDC. *Id*. at 1. What the Quran requires of Plaintiff with respect to observing holiday feasts is not in dispute, and the basis for the recommendation in the Report does not turn on this issue. With respect to the policies set forth in the SLRDC inmate handbook, Plaintiff offers copies of the requests for religious meals he submitted to Lt. Shirah as required by the handbook. (ECF No. 131-1 at 6–7). This evidence does not undermine the magistrate judge's analysis or conclusions, however, as neither request stated what food was required or otherwise provided a basis from which it could be concluded that White knew the kitchen's efforts to accommodate Plaintiff's religious requirements were inadequate.

7

(ECF No. 129 at 8–9). To the extent that Plaintiff relies on the statements in his amended complaint, he likewise has failed to create a genuine issue of material fact. *See Williams v. Griffin*, 952 F.2d 820, 823 (4th Cir. 1991) ("As a general rule, when one party files a motion for summary judgment, the non-movant cannot merely rely on matters pleaded in the complaint, but must, by factual affidavit or the like, respond to the motion."). Although, in the Fourth Circuit, a *pro se* plaintiff's verified complaint is treated as an affidavit for summary judgment purposes when the factual allegations contained therein are based on the plaintiff's personal knowledge, *see id.*, Plaintiff's amended complaint was not made under penalty of perjury and is, therefore, not verified, *see Patterson v. Scuderi*, No. 8:22-CV-355-RMG, 2023 WL 355328, at *2 (D.S.C. Jan. 23, 2023) ("[W]hile Plaintiff argued in opposition that his amended complaint was 'verified,' and its allegations could be used to oppose Defendants' motion for summary judgment, the amended complaint is plainly not verified as it was not made under penalty of perjury." (internal citations omitted)). Even if Plaintiff's amended complaint was verified, it would be insufficient to show that White acted intentionally as Lt. Shirah's statement regarding White's intent constitutes inadmissible hearsay. Accordingly, the court overrules Plaintiff's objections as the relate to the magistrate judge's analysis of the First Amendment claim.

Plaintiff next objects to the magistrate judge's conclusion that Plaintiff failed to create an issue of fact as to his Equal Protection claim. (ECF No. 131 at 7). Plaintiff suggests first that the magistrate judge erred in basing this conclusion on the fact that White was never informed that the extra food she provided Plaintiff did not satisfy his religious requirements because Plaintiff never directly communicated with White. *Id*. Plaintiff argues such a conclusion is unfair because SLRDC policy did not permit him to speak directly with White but required him to submit any such requests to Lt. Shirah—which Plaintiff did via the kiosk system. The magistrate judge, however, did not

base his conclusion solely on the fact that Plaintiff did not directly communicate with White; rather, the magistrate judge determined that Plaintiff failed to forecast *any* admissible evidence that White was informed of or knew about any particular requirements related to his holiday meal requests and, therefore, Plaintiff had "not shown conscious and intentional discrimination." (ECF No. 129 at 12). This objection is overruled as well.

To the extent Plaintiff has attempted to raise other objections to the Report that are not specifically discussed herein, the court has carefully considered Plaintiff's objections in their entirety and concludes Plaintiff presented no basis for deviating from the magistrate judge's recommended disposition of the matters before the court.

### V. Conclusion

Accordingly, having thoroughly reviewed the record, the Report, and Plaintiff's objections, the court finds no reason to deviate from the Report's recommended disposition. The court ADOPTS the magistrate judge's Report, (ECF No. 129), and incorporates it herein. Accordingly, Defendant White's motion for summary judgment (ECF No. 113) is hereby **GRANTED**, and Plaintiff's motion for Summary Judgment (ECF No. 84) is hereby **DENIED**.

**IT IS SO ORDERED.**

s/Timothy M. Cain
United States District Judge

Anderson, South Carolina
March 9, 2023

### NOTICE OF RIGHT TO APPEAL

The parties are hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.